**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO MERAZ-MENDOSA, | No. 10-71285 |
| Petitioner, | Agency No. A070-076-667 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Gilberto Meraz-Mendosa, a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Meraz-Mendosa testified he experienced problems in Honduras and fears future harm due to his hearing disability, and he also testified he fears future harm based on threats to family members related to the murder of two brothers-in-law who had assisted with the prosecution of certain gang members.

With respect to his disability claim, substantial evidence supports the agency's determination that Meraz-Mendosa's experiences in Honduras did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment did not compel past persecution finding). Substantial evidence also supports the agency's determination that Meraz-Mendosa did not establish a well-founded fear of persecution because the harm he fears does not constitute persecution. *See Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (persecution does not include "mere discrimination, as offensive as it may be"); *Zehatye*, 453 F.3d at 1186 (mere economic disadvantage does not rise to the level of persecution). Further, Meraz-Mendosa's prior return to Honduras from 1999-2004 undercuts his claim. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008).

10-71285

With respect to his family-based fear of harm, substantial evidence supports the agency's determination that Meraz-Mendosa did not establish eligibility for asylum because he did not establish any further harm to family members. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("[w]here the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear"). Accordingly, Meraz-Mendoza's asylum claim fails.

Because Meraz-Mendosa failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Further, substantial evidence supports the BIA's denial of CAT relief because Meraz-Mendosa failed to establish it is more likely than not he would be tortured at the instigation or with the acquiescence of the government if returned to Honduras. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we do not consider Meraz-Mendoza's newly submitted medical evidence because our review is limited to the administrative record underlying the agency's decision. *See Fisher*, 79 F.3d at 963.

**PETITION FOR REVIEW DENIED.**